IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ANTHONY DEXTER MOORE** | § | |
| | § | |
| **V.** | § | A-13-CA-1062-SS |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

### A.   Petitioner's Criminal History

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas. After entering a guilty plea, Petitioner was convicted of possession of a prohibited weapon and was sentenced to three years in prison on July 31, 1991. Petitioner did not appeal his conviction or sentence.

He did, however, challenge his conviction in three state applications for habeas corpus relief. The first application was denied without written order on the findings of the trial court without a hearing on January 29, 1997. Ex parte Moore, No. 26,596-02. The second was dismissed as successive on July 8, 1998. Ex parte Moore, No. 26,596-04. The third was dismissed as successive on July 31, 2013. Ex parte Moore, No. 26,596-05.

**B.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He was not arraigned or indicted on the offense "possession of a prohibited weapon" on July 31, 1991;

2. Petitioner pleaded guilty to the felony offense of possession of a prohibited weapon but thought he was pleading guilty to unlawfully carrying a weapon; and

3. Petitioner's sentence is illegal.

## II.   DISCUSSION AND ANALYSIS

**A.     Jurisdiction**

Federal habeas corpus relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 491 (1989). Under Supreme Court precedent, however, a habeas petitioner satisfies the "in custody" requirement for purposes of challenging an expired conviction when that challenge may be read as a challenge to the sentence which was enhanced by the expired conviction. See Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001). In Coss, the Court explained once a state conviction is no longer open to direct or collateral attack in its own right, because the defendant did

not pursue those remedies while they were available or did so unsuccessfully, the conviction is regarded as presumptively valid, and if it is later used to enhance a criminal sentence, it cannot be challenged under Section 2254 on the ground that it was unconstitutionally obtained. Coss, 532 U.S. at 403-04. There is an exception to the rule of conclusive validity for enhancement convictions that were obtained in violation of the right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335, (1963). See Coss, 532 U.S. at 404 (setting out the exception for enhancement convictions obtained in violation of Gideon).

According to personnel for the Texas Department of Criminal Justice, Petitioner discharged his sentence on July 28, 1994. Petitioner admits he was represented by counsel in his criminal case. Therefore, he does not meet the exception outlined in Coss. Accordingly, the Court is without jurisdiction to consider Petitioner's direct challenge to his conviction for possession of a prohibited weapon.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice for want of jurisdiction.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of December, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE